Valerie WASHINGTON, Plaintiff,

v.

HUMANA HEALTH PLAN, INC., a Foreign Corporation, Michael Reese Health Plan, Inc., an Illinois Health Service Plan Corporation, Health Cost Controls of Illinois, Inc., an Illinois Corporation, and Health Cost Controls of America, Inc., an Illinois Corporation, Defendants.

No. 94 C 6179.

United States District Court,
N.D. Illinois,
Eastern Division.

April 20, 1995.

Alvin R. Becker, Timothy Michael Kelly, Beermann, Swerdlove, Woloshin & Barezky, Chicago, IL, for plaintiff.

David Alan Belofsky, James John Merriman, David A. Belofsky & Associates, Chicago, IL, for defendants Humana Health Plan, Inc., Michael Reese Health Plan, Inc., Health Cost Controls of Illinois, Inc.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Following an automobile collision with an uninsured motorist, a panel of arbitrators awarded plaintiff Valerie Washington $60,000 for her injuries from Allstate Insurance Company based on her uninsured motorist coverage benefits. Washington received treatment costing $10,500.15 under a health benefit plan (the "Plan") sponsored by the University of Chicago. Defendants (hereinafter collectively referred to as "Humana") are alleged to be current or former owner-operators or administrators of the Plan. Humana claims a right under the terms of the Plan to reimbursement for the cost of Washington's treatment. Washington brought this action in the Circuit Court of Cook County seeking a declaratory judgment that she is not required under the terms of the Plan to reimburse Humana for the cost of the treatment she received. Humana removed this case to federal district court. In the notice of removal, Humana asserted that the Plan is an employee welfare benefit plan as defined in section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Humana argued that Washington's state law claims are preempted by section 514 of ERISA, 29 U.S.C. § 1144, and that her pleaded claims, to the extent they are legally cognizable, exclusively arise under ERISA, specifically 29 U.S.C.

§ 1132(a)(1). Washington has now moved to have this case remanded to state court.

Under the federal removal statute, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" the laws of the United States only if the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). In other words,

"[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–725, 58 L.Ed. 1218 (1914)). Thus, for example, under this doctrine, which is known as the "well-pleaded complaint" rule, a complaint that raises only state law causes of action could not be removed to federal court on the basis of an answer that pleaded the defense of federal preemption. *Franchise Tax Board*, 463 U.S. at 13–14, 103 S.Ct. at 2848–2849.

The "complete preemption" doctrine is an exception to the well-pleaded complaint rule. Under this doctrine, a state cause of action is recharacterized as a federal cause of action when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63–64, 107 S.Ct. at 1546–1547.

The Court in *Taylor*, after examining the legislative history of ERISA, concluded that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA] removable to federal court." *Id.* at 66, 107 S.Ct. at 1547. Thus, in resolving the motion for remand, the court must determine whether Washington's state cause of action comes within the scope of the civil enforcement provisions of § 502(a) and is thus completely preempted. If the court determines that Washington's claim is completely preempted then presumably it is substantively preempted as well under 29 U.S.C. § 1144(a). See, e.g., *Lister v. Stark*, 890 F.2d 941, 943–44 & n. 1 (7th Cir 1989), *cert. denied*, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990).

Section 502(a) of ERISA (codified at 29 U.S.C. § 1132(a)) provides:

A civil action may be brought—

  (1) by a participant or beneficiary—

  . . . .

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan.

Humana argues that Washington's claim falls within the scope of § 1132(a)(1)(B).[1] Washington disagrees. She argues that, because she has already received benefits under the Plan, her cause of action is neither one to "recover benefits due to [her] under the terms of [her] plan," nor one to "clarify [her] right to future benefits under the terms of the plan." She also argues that she is not trying to "enforce [her] rights under the terms of the plan," because she simply seeks a declaratory judgment that Humana has no right to reimbursement.

The court believes that, through her declaratory judgment action, Washington is not trying to "recover benefits." Moreover, because she has already received benefits under the Plan, one cannot say that she is trying to "clarify [her] right to future benefits." It is a closer question, however, whether she is trying to "enforce [her] rights under the terms of the plan." The parties have been unable to cite any case directly on point. Thus, in order to resolve this question, it is necessary to consider the precise nature of Washington's action.

Washington has received benefits under the terms of the Plan. She seeks nothing else from the Plan. She desires to maintain the status quo. She is suing for a legal determination that she is not required under the terms of the Plan to reimburse the Plan for monies collected from Allstate. There is authority from two other circuits, although not precisely on point, that nevertheless strongly suggests that a declaratory judgment action such as Washington's is not an enforcement action. See *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir.1987) (holding that declaratory judgment action by ERISA fiduciary to establish that it was not liable to a plan participant for severance benefits did not arise under § 1132(a)(3) because it was not a suit to "enforce" the terms of the plan); *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251–53 (9th Cir.1987) (holding that declaratory judgment action by ERISA insurer to establish that its policy did not provide double indemnity to a particular insured did not arise under § 1132(a)(3) because it was not a suit to "enforce" the terms of the plan). But see *Prendergast v. Health Cost Controls*, No. 94 C 3501, 1994 WL 445456, 1994 US Dist LEXIS 11386 (N.D.Ill. Aug 12, 1994). The Seventh Circuit recently cited *Gulf Life* and *Transamerica* for the proposition that a Plan fiduciary, who brings an action for a declaratory judgment that a participant is not enti-

---

1. Section 502(a) also provides that a civil action may be brought

    (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

However, because § 502(a)(3) authorizes a civil action only for an injunction (which clearly is not involved here) or other equitable relief, it does not apply to Washington's declaratory judgment action, which is more legal in nature than equitable. See *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir.1987); *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251–52 (9th Cir.1987).

tled to certain benefits, does not thereby seek to "enforce" any provision of ERISA or the Plan. See *Massey Ferguson Division of Varity Corp. v. Gurley,* 51 F.3d 102, 103 (7th Cir.1995). Ultimately, however, this statement must be considered dictum because the court decided that it lacked appellate jurisdiction. *Id.* at ———. Nevertheless, based on all the above authorities, it appears that Washington's suit is not one to "enforce" her rights under the terms of the Plan.

The Seventh Circuit's decision in *Winstead v. J.C. Penney Co.,* 933 F.2d 576 (7th Cir. 1991), is not to the contrary. *Winstead* involved a declaratory judgment action by fiduciaries of one ERISA plan against another ERISA plan to establish the plans' respective liabilities. The district court held that it lacked jurisdiction because the suit was not one to "enforce" the terms of the plan. *Winstead v. J.C. Penney Co.,* 740 F.Supp. 1358, 1361–63 (N.D.Ill.1990). On appeal, the Seventh Circuit reversed, holding that the district court had jurisdiction under the terms of § 1132(a)(3). The court concluded: "[W]e do no semantic violence to section 1132(a)(3) when we interpret it to allow an ERISA plan to bring a declaratory judgment action to determine the extent of its liability, and we promote the goals of ERISA by that interpretation." *Winstead,* 933 F.2d at 580. However, the court believes *Winstead* is limited to the context of coordinating related plans' conflicting or overlapping provisions. See *Gurley,* 51 F.3d at 104–05.[2]

Nor is *Health Cost Controls v. Skinner,* 44 F.3d 535 (7th Cir.1995), to the contrary. In *Skinner,* a plan fiduciary brought an action under § 502(a)(3) of ERISA for compensatory damages. The district court, sua sponte, dismissed the action for lack of subject matter jurisdiction. The Seventh Circuit reversed, on the ground that when a federal statute upon which a claim is premised is interpreted to be inapplicable, the appropriate course is to assume the existence of jurisdiction and to determine the merits of the claim pursuant to Rule 12(b)(6). 44 F.3d at 537. This reasoning in *Skinner* does not apply in the removal context where the burden is on the party seeking removal to establish federal jurisdiction. See *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976).

The court concludes that Washington's declaratory judgment action is not one to "enforce" her rights under the terms of the Plan. Moreover, because her suit is neither one to "recover benefits" nor one to "clarify [her] right to future benefits," it does not arise under § 1132(a)(1).

Humana argues that the remedy Washington seeks is irrelevant to this court's jurisdiction. Humana directs the court's attention to the following language in the Supreme Court's decision in *Pilot Life:*

> The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Pilot Life,* 481 U.S. at 54, 107 S.Ct. at 1556. Based on this language, Humana argues that the question of whether ERISA provides Washington with the remedy she seeks—a declaratory judgment—is not germane to the issue of whether this court has jurisdiction over this cause. The court finds this argument somewhat perplexing. If the quoted language from *Pilot Life* is to be read so as to prohibit Washington from bringing a declaratory judgment action based on state law, it is because "Congress rejected [such a rem-

---

**2.** Citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 53, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987), the court in *Winstead* also stated that "ERISA expressly authorizes participants and beneficiaries ... to bring [declaratory judgment suits] in federal court." *Winstead,* 933 F.2d at 578. This statement is dictum because the suit in *Winstead* was one by a fiduciary, not a participant or beneficiary. Moreover, the Court in *Pilot Life* stated that relief under § 1132(a) "may take the form of ... a declaratory judgment on enti-

tlement *to benefits." Pilot Life,* 481 U.S. at 53, 107 S.Ct. at 1556 (emphasis added). Here, Washington seeks no benefits; she has already received benefits, and she merely seeks to avoid reimbursing Humana the proceeds from her arbitration award. In any event, that part of *Pilot Life* relied upon is dictum because *Pilot Life* involved a claim for damages, not a claim for declaratory relief. The court is not bound by dictum based on inapplicable dictum.

edy] in ERISA." However, if that is the case, then Washington cannot seek this remedy in federal court either, and thus there would be no removal jurisdiction. In any event, *Pilot Life* is distinguishable on the ground that it did not involve removal from state court to federal court. In contrast, *Taylor did* involve the issue of removal jurisdiction, and there the Court clearly indicated that the causes of action that are removable are those that fall within the scope of the civil enforcement provisions of § 502(a) of ERISA. *Taylor*, 481 U.S. at 64–66, 107 S.Ct. at 1546–1548. Section 502(a) differentiates among various causes of action by the relief that is sought. Therefore, contrary to Humana's argument, Washington's chosen remedy *is* germane to the issue of this court's removal jurisdiction.

Humana also argues that removal is proper because this court has "original jurisdiction under ... the federal common law." Notice of Removal at 2; see also Defendants' Response Memorandum at 7–8. None of the cases cited by Humana support this position. In *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), an operator of an ERISA plan brought an action in federal court based on diversity of citizenship. The plan sought a declaration that one of the plan's participants was contractually required to reimburse the plan for medical expenses the plan paid on her behalf after she obtained a settlement from the party who caused her injuries. The district court granted summary judgment to the plan participant on the ground that state anti-subrogation law prevented the plan from enforcing its contractual reimbursement provision. The Third Circuit affirmed the district court's decision. The Supreme Court reversed, holding that the state anti-subrogation law was preempted by ERISA. *Id.* at 65, 111 S.Ct. at 411. The Court did not consider whether removal jurisdiction could be based on federal common law; indeed, the case did not even involve removal jurisdiction. *Baxter v. Lynn*, 886 F.2d 182 (8th Cir.1989), also cited by Humana, did involve removal from state court to federal court. However, on appeal the Eighth Circuit discussed two issues: Whether the common law restrictions on subrogation were preempted,

and after finding that they were, whether subrogation was appropriate under the terms of the plan. The Eighth Circuit did not discuss the district court's removal jurisdiction. Finally, Humana relies on *Dugan v. Nickla*, 763 F.Supp. 981 (N.D.Ill.1991). In that case, an ERISA plan brought suit in federal court against one of its participants because of a dispute over the amount of money owed to the plan under a subrogation provision in the plan. The district court determined that it had subject matter jurisdiction under 28 U.S.C. § 1331 because the claim was based on federal common law. *Id.* at 982–83. *Dugan* is not controlling because it did not consider whether federal common law can provide removal jurisdiction in the face of the well-pleaded complaint rule.

The Supreme Court's reasoning in several removal cases supports the view that federal common law does not provide a basis on which to find removal jurisdiction. In *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Court held that ERISA preemption, without more, does not convert a state claim into an action arising under federal law. *Id.* at 25–27, 103 S.Ct. at 2854–2856. The Court left open the possibility that a cause of action that fell within the scope of § 501(a) of ERISA might fall within the complete preemption doctrine as described in *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The Court addressed that unresolved issue in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In *Taylor*, the Supreme Court considered whether state common law causes of action asserting improper processing of a claim for benefits under an ERISA plan were not only preempted by ERISA (as found in the companion case of *Pilot Life*, *supra*), but also displaced by ERISA's civil enforcement provision, § 502(a)(1)(B), to the extent that complaints filed in state courts purporting to plead such state law causes of action are removable to federal court under 28 U.S.C. § 1441(b). The Court noted that

[i]n the absence of explicit direction from Congress, this question would be a close

one.... Even with a provision such as § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] that lies at the heart of a statute with the unique pre-emptive force of ERISA, however, we would be reluctant to find that extraordinary pre-emptive power, such as has been found with respect to § 301 of the LMRA [Labor Management Relations Act], that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.

*Id.* at 64–65, 107 S.Ct. at 1547 (citations omitted). Despite these reasons for caution, the Court noted the parallel language in the jurisdictional subsections of ERISA and the LMRA. In addition, upon examining the legislative history, the court found a "clear intention to make § 502(a)(1)(B) suits ... federal questions for purposes of federal court jurisdiction in like manner as § 301 of the LMRA." *Id.* at 66, 107 S.Ct. at 1547. The Court concluded that, although a pre-emption defense does not, in most cases, create removal jurisdiction, "[i]n this case ... Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." *Id.* Given this detailed and complex analysis to ascertain the conditions under which removal jurisdiction exists, the court does not believe that any cause of action that implicates the federal common law of ERISA can be removed to federal court. If that were the case, then there would have been no need for the Supreme Court to so carefully analyze and compare § 501(a) of ERISA and § 301 of the LMRA to determine the existence of removal jurisdiction.

Finally, the court will address certain language in *Franchise Tax Board* that, although not cited by Humana, could arguably provide a basis for finding jurisdiction here. The court is referring to the following language:

> Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action *or that the plaintiff's right to relief necessarily depends on reso-*

*lution of a substantial question of federal law.*

*Franchise Tax Board,* 463 U.S. at 27–28, 103 S.Ct. at 2856 (emphasis added). Conceivably, one could argue that the resolution of Washington's declaratory judgment action necessarily depends on the resolution of a substantial question of federal law because it involves the interpretation of an ERISA plan. However, since the Court decided *Franchise Tax Board,* it has clarified this language. In *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986), the Court concluded that

> the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

Because there is no indication that Congress has chosen to include in ERISA's civil enforcement provisions a private right of action such as the one Washington has brought here, it appears that there is no "substantial" question of federal law (as defined in *Merrell Dow*) and hence no federal-question jurisdiction. See *Seinfeld v. Austen,* 39 F.3d 761, 764 (7th Cir 1994), *petition for cert. filed,* 63 U.S.L.W. 3699 (U.S. Mar 20, 1995) (No. 94–1554).

Because this court lacks subject matter jurisdiction, the case will be remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c).

ORDERED: The motion to remand is granted. All other pending motions in this case are denied as moot. The case is remanded to the Circuit Court of Cook County.