61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Travis W. JONES and Audie J. Jones, Plaintiffs-Appellants,
v.
Alan BOYER, First Chicago Trust Company of Illinois, and
Chuck Kaplan, Defendants-Appellees.
 No. 93-3730.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 29, 1995.
 
 Before Cummings, Coffey and Rovner, Circuit Judges.
 
 ORDER
 
 1
 Travis W. Jones and his spouse Audie J. Jones seek to acquire title to certain property through adverse possession. They initiated this action in the Circuit Court of Cook County, Illinois and removed to federal district court, stating the district court had jurisdiction because the action was brought pursuant to 42 U.S.C. Sec. 1983. Plaintiffs alleged defendants violated federal civil rights laws and plaintiffs' First, Sixth, and Fourteenth amendment rights.[1] The district court dismissed plaintiff's action as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 2
 We review the district court's Sec. 1915(d) dismissal for abuse of discretion, affording an appellant's pro se pleadings a liberal construction. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). The district court may dismiss a complaint under Sec. 1915(d) only when "satisfied that the action is frivolous or malicious." 28 U.S.C. Sec.1915(d). A complaint "is frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Having reviewed plaintiffs' complaint, we find no abuse of discretion on the part of the district court.
 
 
 3
 The district court also noted in its written order that "by simply submitting the case as a Section 1983 case, plaintiffs have done nothing to confer jurisdiction on this court." Lack of subject matter jurisdiction and dismissal under Sec. 1915(d), both of which rest on the frivolity of the claim, are two distinct grounds for dismissal. See 28 U.S.C. Sec. 1915(d); Health Cost Controls v. Skinner, 44 F.3d 535, 537 (7th Cir. 1995) (a claim purporting to rest on federal law may be dismissed by the district court for lack of subject matter jurisdiction only when the allegations of the complaint are frivolous). Though the district court did not specify whether it was dismissing plaintiffs' complaint based upon lack of subject matter jurisdiction in addition to dismissing the complaint pursuant to Sec. 1915(d), we find the district court's lack of clarity of little consequence since we agree that plaintiffs' lawsuit is frivolous and devoid of merit.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the appellants' brief the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellants have filed a statement requesting oral argument. Upon consideration of that statement, the brief, and the record, the request for oral argument is denied and the appeal is submitted on the brief and record
 
 
 [1]
 On appeal, plaintiffs also allege that defendants have violated the Fair Housing Act of 1968, 42 U.S.C. Secs. 3604, 3605, and 3617