Michael MUSINSKI, Plaintiff,

v.

Harold STAUDACHER, Defendant.

Michael MUSINSKI, Plaintiff,

v.

BLUE CROSS & BLUE SHIELD OF ILLINOIS, Additional Defendant.

No. 96 C 2220.

United States District Court, N.D. Illinois, Eastern Division.

June 10, 1996.

Francis Patrick Murphy, Corboy & Demetrio, Chicago, IL, for Plaintiff.

Henry S. Romano, Northbrook, IL, for defendant Blue Cross & Blue Shield.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This action has been brought to this District Court from its place of origin, the Circuit Court of the Eighteenth Judicial District, DuPage County, via removal proceedings instituted by Blue Cross and Blue Shield of Illinois ("Blue Cross"). In response plaintiff Michael Musinski ("Musinski") has moved to remand for lack of subject matter jurisdiction. Both litigants have had their say, and the matter is ripe for decision.

This action presents a familiar scenario: Musinski, a participant under an employee benefit plan ("Plan") established by his em-

ployer Spiegel, Inc., has received full payment by Blue Cross of the Plan-covered medical expenses resulting from an automobile accident that then led Musinski to sue defendant Harold Staudacher ("Staudacher") in tort. Thus Musinski urges that his effort to limit the amount of those expenses that Blue Cross now wishes to recapture does not constitute an attempt by Musinski "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" (the types of ERISA claims that a participant may advance under 29 U.S.C. § 1132(a)(1)(B) [1]). Instead, having settled his separate litigation against Staudacher, the tortfeasor who caused the injuries that gave rise to those medical expenses, Musinski moved in the Circuit Court for adjudication of the lien asserted by Blue Cross under a contractual subrogation/indemnification provision in the Plan. Blue Cross countered by transferring the action here to urge that the Illinois common fund concept on which Musinski seeks to rely for that lien adjudication is preempted by Section 1144(a) (ERISA § 514(a)) and displaced by Section 1132(a)(1)(B) (ERISA § 502(a)(1)(B)).

That problem most often arises in conjunction with the attorneys' fees and other expenses incurred in the underlying litigation. Although the pleadings here do not contain all of the information needed to provide a precise illustration (Musinski's motion to adjudicate the lien has reflected his receipt of total Plan benefits in excess of $37,000, but he does not disclose the amount of his settlement with Staudacher), suppose for example a settlement or verdict of $120,000 in a case in which the medical expenses paid by a plan had aggregated $30,000. If the plaintiff's lawyer had a one-third contingency fee arrangement, payment of the attorney's fee of $40,000 together with the plan reimbursement of $30,000 would leave the plaintiff with $50,000 in pocket. But under the Illinois

**1.** That section is ERISA § 502(a)(1)(B), just as the other ERISA provision referred to in this opinion (29 U.S.C. § 1144(a)) is ERISA § 514(a). Because the decided cases sometimes use the Title 29 numbering and sometimes use ERISA's internal numbering, this opinion will do the same, utilizing the form "Section—" for Title 29's numbering and "ERISA §—" for the internal numbering.

common fund approach, the plaintiff would contend (as Musinski does) that because the $40,000 lawyer's fee was incurred in order to obtain the entire $120,000 recovery and not just the portion retained by the plaintiff, each sharer in that recovery should equitably bear a proportionate part of the fee. In the hypothetical example, the plan's $30,000 share—25% of the $120,000 recovery—would then be responsible for $10,000 of the $40,000 lawyer's fee, so that the plan would receive a net amount of $20,000 and plaintiff would be left with $60,000.

For its part, Blue Cross retorts by arguing that the claim advanced by Musinski is preempted by Section 1144(a), ERISA § 514(a). Although there are a number of Illinois appellate court decisions that hold otherwise (see, e.g., *Scholtens v. Schneider,* 274 Ill.App.3d 102, 210 Ill.Dec. 580, 653 N.E.2d 775 (1st Dist.1995) and cases cited there), our own Court of Appeals—in a lawsuit brought by an employee benefit plan participant to challenge the *constitutionality* of ERISA—prefaced its discussion of that constitutional issue with this explanation and pronouncement (*Land v. Chicago Truck Drivers Union,* 25 F.3d 509, 511 (7th Cir. 1994)) [2]:

> Land alleged that he had been involved in an automobile accident, that he had sued the other party to the accident in the Circuit Court of Cook County, Illinois, and that he had received $182,500.00 in a settlement of that suit. Land maintained that the settlement did not fully compensate for his injuries, although he conceded that a portion of the settlement was intended to cover $42,604.92 that the Fund had advanced for Land's medical expenses. The ERISA plan under which those benefits were paid obligates Land to reimburse the Fund for covered expenses if he is subsequently compensated by a third party. Land acknowledged the Fund's right to reimbursement but maintained that its recovery should be discounted to reflect the legal fees he incurred in procuring the

settlement. Specifically, Land contended that under Illinois subrogation law, he would be entitled to reduce the Fund's reimbursement by one-third.[1] *See, e.g., Baier v. State Farm Ins. Co.,* 66 Ill.2d 119, 5 Ill.Dec. 572, 361 N.E.2d 1100, 1102–03 (1977). Because ERISA supersedes any and all state laws relating to covered plans, however (*see* 29 U.S.C. § 1144(a)), this Illinois doctrine is not available to Land, and the terms of the plan require reimbursement of the entire amount without the deduction of any attorney's fees.

---

[1] Land's state court counsel apparently received one-third of the settlement fund.

But of course the jurisdiction of the District Court and of the Court of Appeals to decide that question in *Land* was clear: Land's challenge to the constitutionality of ERISA was a paradigmatic *federal* question (framed, as his counsel unwisely believed, under 42 U.S.C. § 1983), so that federal-question jurisdiction could not be disputed there. By contrast, the posture of the case here (which was asserted under state law in the state court) is such that this Court must address the subject matter jurisdictional issue before it can turn to the merits of Blue Cross' preemption argument (after all, the state court would be equally capable of ruling on the substantive merits of that argument if the case were returned to it).

What makes the jurisdictional problem more intricate here is that ERISA is one of the limited exceptions to Justice Holmes' now-famous aphorism in *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913):

> Of course, the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a "suit arising under" the patent or other law of the United States by his declaration or bill. That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by

---

**2.** *Land* is the only Seventh Circuit case cited by Blue Cross that comes even close to helping it on the issue now under consideration. But as the next paragraph of the text makes plain, *Land* does not bear on the critical subject matter jurisdiction issue even by inference—instead its potential relevance relates to the ultimate merits (which are not now before this Court for decision).

the defense, even when anticipated and replied to in the bill.

And of course the well-known corollary of that general principle is that even a defense based on *federal* law cannot make the plaintiff's state-law action removable—as *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10–11, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983) (citations omitted) states that rule:

Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim. "Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

■ ERISA § 502(a)(1)(B), like Labor Management Relations Act § 301 (29 U.S.C. § 185) (in the latter respect, see *Franchise Tax Bd.,* 463 U.S. at 23–24, 103 S.Ct. at 2853–54), poses an exception to *The Fair's* plaintiff-in-total-control principle: the so-called "artful pleader doctrine." Under that doctrine some fields of law are viewed as having been so pervasively occupied by federal law that *any* plaintiff's complaint in that field (even though it carefully eschews any reference to federal law) is considered as "arising under" federal law (the Article III language) and is hence removable to a federal court (*Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987)).

As Blue Cross would have it, the very existence of the Section 1144 preemption provision provides the total answer to the question of removability here. That, however, is wrong, and it is shown to be wrong by the plain language of the Supreme Court in dealing with the ERISA preemption statute in the removal context. Here is what *Taylor,* 481 U.S. at 66–67, 107 S.Ct. at 1547–48 says on that score:

Taylor argues strenuously that this action cannot be removed to federal court because it was not "obvious" at the time he filed suit that his common law action was both preempted by § 514(a), 29 U.S.C. § 1144(a), and also displaced by the civil enforcement provisions of § 502(a). See Brief for Respondent 14–21. But the touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the preemption defense but the intent of Congress. Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction. In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court. Since we have found Taylor's cause of action to be within the scope of § 502(a), we must honor that intent whether pre-emption was obvious or not at the time this suit was filed.

Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the ... laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).

And as the last sentence of the first paragraph of that quotation reflects, Taylor's lawsuit there *was* unquestionably an ERISA § 502(a)(1)(B) action (*id.* at 62–63, 107 S.Ct. at 1545–46):

Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.

Here the problem is not quite that simple. Because as stated earlier Musinski has *received* all of the Plan benefits to which he is entitled, the claim does not fall expressly within the literal language of the statute as quoted in the early portion of this opinion.[3] And *Taylor,* 481 U.S. at 66, 107 S.Ct. at 1547 teaches that the federal preemption *defense* advanced by Blue Cross is no different, in terms of its effect on removal, than any other defense (the subject to which *Franchise Tax Bd.* speaks). Blue Cross would be entirely assured of its rights, and would be deprived of nothing, if it were given the opportunity to tender that and any other defenses that it may have to the Circuit Court.

What spares Blue Cross here is not the arguments that it has made, or the off-the-point cases that it has cited, about preemption in Section 1144 (ERISA § 514) terms or displacement in Section 1132(a)(1)(B) (ERISA § 502(a)(1)(B)) terms, but rather the teaching of *Rice v. Panchal,* 65 F.3d 637 (7th Cir.1995). That case dealt at length with the differences between the two ERISA sections (502(a) and 514(a)) for purposes of the removal-remand analysis. After that extended and painstaking discussion, Rice, *id.* at 644–45 (quoting from and adapting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410

(1988)) stated its ultimate analytical conclusion in these terms:

> Seen in this light, we believe that a suit brought by an ERISA plan participant is an action to "enforce his rights under the terms of a plan" within the scope of § 502(a)(1)(B) where the claim rests upon the terms of the plan or the "resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan]."

Indeed, *Shannon v. Shannon,* 965 F.2d 542, 545–46 (7th Cir.1992) had earlier addressed the same question in the context of an employee benefit plan's subrogation/reimbursement claim of the very same type at issue here. In that case the plan had intervened in the plaintiff's state court personal injury action for the purpose of asserting such subrogation/reimbursement rights, and it then removed the action to the federal court. After *Shannon* indulged an analysis of the same two ERISA sections, though much more abbreviated than the later discussion in *Rice,* it concluded by deciding that the removal had been proper.

Although Blue Cross had uncovered neither *Rice* nor *Shannon* for this Court,[4] it is of course entitled to the benefit of the analysis in those cases. In ERISA § 502(a)(1)(B) terms, Musinski's claim may perhaps not be one "to recover benefits,"[5] and perhaps he might be characterized as

---

3. Indeed, in *Washington v. Humana Health Plan, Inc.,* 883 F.Supp. 264 (N.D.Ill.1995) this Court's colleague Honorable George Lindberg analyzed essentially the same problem dealt with here and remanded the case on the ground that Section 502(a)(1)(B) was not implicated at all.

4. One case that Blue Cross did cite in its memorandum was *Ryan v. Federal Express Corp.,* 78 F.3d 123 (3d Cir.1996). *Ryan* dealt with the identical factual scenario in a removed case, but without even discussing the subject matter jurisdictional issue treated here it decided the merits of the question tendered by the litigants there: whether a federal court could fashion and apply a federal common law doctrine identical in effect to the common fund doctrine employed by the Illinois courts, and thus override the subrogation/reimbursement provision of the employee benefit plan. Although the court did not even mention the jurisdictional issue (obviously one not raised by the litigants), it is of course true that federal courts have a duty to raise such questions *sua sponte* if they spot them. At best, then, Blue Cross can call *Ryan* to its aid only in a

kind of support-by-silence way—quite a weak reed to lean upon.

5. Though it may involve some stretching of that statutory language, Musinski's effort to retain the Plan benefits that were previously paid to him, and to do so in the face of a Plan provision that expressly obligates him to return those benefits under the circumstances that developed in his lawsuit against Staudacher, might well be characterized as seeking "to recover benefits due to him under the terms of his plan." *Washington,* 883 F.Supp. at 266 rejected that reading out of hand, but it then went on at greater length (*id.* at 266–67) to consider and ultimately to reject whether the plan participant's claim was "to enforce [her] rights under the terms of the plan" (the other facet of ERISA § 502(a)(1)(B)). In all events, this Court respectfully disagrees with the conclusion reached by its valued colleague in *Washington,* in principal part because of the direct applicability of *Rice* (a case that, because it was decided after *Washington,* was of course unavailable to Judge Lindberg when he ruled).

resisting Blue Cross' effort to enforce its rights under the Plan rather than seeking to enforce his own, but it is surely the case that in the language *Rice* adapted from *Lingle*, the "resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan]."

As the extended discussion in *Rice* demonstrates, the situation posed by this case has involved an exploration of some of the more arcane aspects of the law of removal and remand. But in the end Blue Cross must prevail. Musinski's motion to remand this action to the Circuit Court is denied, as is the accompanying motion for an award of costs.