Herman **CORTEZ** and Sonia
Cortez, Plaintiffs,

v.

**MICHAEL REESE HEALTH PLAN,
INC.** and Health Cost Controls of
Illinois, Inc., Defendants.

No. 96 C 8341.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 7, 1997.

———

Perry M. Berke, Baskin, Server, Berke &
Weinstein, Chicago, IL, for plaintiffs.

David Alan Belofsky, Douglas Merrill Be-
lofsky, James John Merriman, David A. Be-
lofsky & Associates, Chicago, IL, for defen-
dants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, Herman and Sonia Cortez,
brought suit in the Circuit Court of Cook
County, seeking a declaratory judgment
against defendants, Michael Reese Health
Plan, Inc. ("MRHP") and Health Cost Con-
trols of Illinois, Inc. ("HCC"). Mr. and Ms.
Cortez claim that MRHP and HCC are not
entitled to reimbursement, from their unin-
sured motorist recovery, of the value of
medical services provided by MRHP. The
Circuit Court certified a class of similarly
situated persons. MRHP and HCC then re-
moved the action to this Court, claiming that
the federal court has jurisdiction under the
doctrine of complete preemption. I ordered
the parties, *sua sponte,* to address the issue
of why this case should not be remanded to
state court based on *Washington v. Huma-
na Health Plan, Inc.,* 883 F.Supp. 264
(N.D.Ill.1995). For the reasons set forth
below, this action will remain in federal
court.

### Background

In October 1989, Mr. and Ms. Cortez were
involved in an automobile accident. As a
result of the accident, they were injured and
received health benefits from MRHP as par-
ticipants in and/or beneficiaries of the health

benefit plan sponsored and maintained by the Chicago Transit Authority ("CTA").

At the time of the accident, Mr. Cortez's automobile was insured by him through Allstate Insurance Company ("Allstate"). Subsequently, Mr. and Ms. Cortez settled their personal injury claims with Allstate. MRHP and HCC filed a lien against all proceeds paid by Allstate, seeking reimbursement for medical payments made to Mr. and Ms. Cortez pursuant to a reimbursement provision in CTA's health benefit plan.

In 1991, Mr. and Ms. Cortez brought suit in state court, seeking a declaratory judgment that MRHP and HCC were not entitled to any reimbursement from the personal injury settlement. The state court, in 1996, entered an order that certified a class of similarly situated persons. MRHP and HCC then removed the case to this Court, claiming that federal courts had jurisdiction pursuant to the doctrine of complete preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

MRHP and HCC assert that federal jurisdiction exists because the certified class includes ERISA plan participants who seek adjudication of the meaning of MRHP's reimbursement provision. MRHP and HCC argue that interpreting the reimbursement provision falls within Section 502(a)(1)(B) of ERISA.

### Federal Removal Jurisdiction

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." In this case, removal is proper if there is a federal question, i.e., if the case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The plaintiff's well-pleaded complaint ordinarily determines whether there is a federal question. "It is long settled law that a cause of action arises under federal law only when

the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Presenting a federal question as a defense to the plaintiff's complaint is insufficient to establish jurisdiction for removal to federal court. *Id.*

However, the Supreme Court in *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 559–61, 88 S.Ct. 1235, 1236–38, 20 L.Ed.2d 126 (1968), created the doctrine of complete preemption as an exception to the well-pleaded complaint rule in the context of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This doctrine was applied to ERISA in *Taylor.* 481 U.S. at 64–66, 107 S.Ct. at 1546–48. A plaintiff's common law claims are completely preempted under ERISA if they fall within the scope of Section 502(a)(1)(B).[1] *Id.* Once preempted, the plaintiff's state law claim is "properly 'recharacterized' as one arising under federal law," thus creating federal question jurisdiction for removal purposes. *Rice v. Panchal,* 65 F.3d 637, 640 (7th Cir.1995) (citing *Taylor,* 481 U.S. at 64, 107 S.Ct. at 1546–47). Thus, the key question is whether or not plaintiff's claim is within the scope of Section 502(a), and thus completely preempted. *Rice,* 65 F.3d at 641.

In *Washington,* the district court held that the plaintiff's claim was not within the scope of Section 502(a). The plaintiff was injured in an automobile collision and received benefits from her employer's health benefit plan. *Washington,* 883 F.Supp. at 265. She later obtained an award from her automobile insurance carrier for the injuries she sustained. The administrators of the health benefit plan sought reimbursement for the medical payments she had received. The plaintiff then sought a declaratory judgment that she was not required to reimburse the plan. The case was removed to federal court. *Id.*

The court in *Washington* held that plaintiff's action was not one to "recover benefits" or to "clarify [her] right to future benefits" within the scope of Section 502(a). *Id.* at 266. It was a closer question as to whether

---

1. Section 502(a)(1)(B) states that: "A civil action may be brought ... by a participant or beneficiary ... to recover benefits ..., to enforce his rights under the terms of the plan, or to clarify his rights to future benefits...." 29 U.S.C. § 1132(a)(1)(B).

or not the action was one to "enforce [her] rights under the terms of the plan," but the court rejected that claim as well. *Id.* at 266–67. Therefore, the doctrine of complete preemption did not apply, and the case was remanded to state court.

Subsequent to the *Washington* decision, the Seventh Circuit in *Rice v. Panchal* reviewed the doctrine of complete preemption. In particular, the Court made a distinction between Section 502(a) of ERISA and Section 514(a). *Rice,* 65 F.3d at 639–40 (reviewing 29 U.S.C. §§ 1132(a) and 1144(a)). It held that Section 502(a) provides the basis for complete preemption while Section 514(a) is only the basis for conflict preemption. *Rice,* 65 F.3d at 639–40. The distinction is important because the former is an exception to the well-pleaded complaint rule, that gives the federal court jurisdiction, while the latter does not confer any jurisdiction. *Id.* at 640.

■ To determine whether a case is within the scope of Section 502(a), the Seventh Circuit held that:

> a suit brought by an ERISA plan participant is an action to "enforce his rights under the terms of a plan" within the scope of § 502(a)(1)(B) where the claim rests upon the terms of the plan or the "resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan]."

*Rice,* 65 F.3d at 644–45 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988)). The *Washington* court did not have the benefit of this clarifying decision.

Since *Rice,* several courts in this district have reviewed the doctrine of complete preemption in factual circumstances similar to *Washington* and have found complete preemption. In *Musinski v. Staudacher,* 928 F.Supp. 739, 740 (N.D.Ill.1996), the plaintiff sought to reduce the amount he had to reimburse his health benefit plan under a reim-

bursement provision. The plan removed the case to federal court and the plaintiff sought to remand the case for lack of subject matter jurisdiction. *Id.*

Judge Shadur, in reaching his decision, disagreed with the conclusion in *Washington,* in principal part because of the direct applicability of *Rice v. Panchal. Musinski,* 928 F.Supp. at 744 n. 5. He held:

> In ERISA § 502(a)(1)(B) terms, Musinski's claim may perhaps not be one "to recover benefits," and perhaps he might be characterized as resisting Blue Cross' effort to enforce its rights under the Plan rather than seeking to enforce his own, but it is surely the case that in the language *Rice* adapted from *Lingle,* the "resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan]."

*Id.* at 743–44. Thus, applying *Rice,* the federal court had jurisdiction under the doctrine of complete preemption. *Id.* at 744.

Two other district courts have reached the same conclusion as *Musinski* under similar facts. In *Fravel v. Stankus,* 936 F.Supp. 474, 478 (N.D.Ill.1996), the court held that *Rice v. Panchal* "established that a claim is completely preempted when resolution of the plaintiff's state law claim requires construing the ERISA plan." And in *Speciale v. Seybold,* 951 F.Supp. 740, 743 (N.D.Ill.1996), the court held that since "plaintiff's motion to adjudicate will involve construction of the Plan's reimbursement provision ... plaintiff's claim is completely preempted by Section 502(a) of ERISA." [2]

■ In this case, the original plaintiffs, Mr. and Ms. Cortez, contest the reimbursement provision of the CTA health plan, provided by MRHP. The state court subsequently certified the case as a class action, including all persons covered by MRHP plans with the same reimbursement provision. Thus, this case involves the interpreta-

---

2. The *Speciale* court also rejected Mr. and Ms. Cortez's claim that the Supreme Court's recent decision in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) and the Illinois Supreme Court's decision in *Scholtens v. Schneider,* 173 Ill.2d 375, 671

N.E.2d 657, 219 Ill.Dec. 490 (1996), required a different interpretation of Rice and Section 502(a). Both cases focused on Section 514(a) conflict preemption; neither addressed Section 502(a) preemption. As such those cases are not dispositive of the issues in this case.

tion of an ERISA plan reimbursement provision.

In light of *Rice* and the subsequent decisions interpreting *Rice*, this Court does have subject matter jurisdiction over this action under the doctrine of complete preemption. *Washington* is no longer proper precedent to follow in this area. Thus, remand is improper.

### Conclusion

The motion to remand is denied. MRHP and HCC have established that this court has subject matter jurisdiction over this case under the doctrine of complete preemption.

See also, 237 Ill.App.3d 1108, 211 Ill.Dec. 455, 655 N.E.2d 484.