**Paul FUSCO, Plaintiff**

v.

**GE GOVERNMENT SERVICES, INC., Defendant.**

**Civ. No. PJM 94–1940.**

United States District Court,
D. Maryland,
Southern Division.

Sept. 28, 1995.

Samuel F. Ianni, College Park, MD, for plaintiff.

Jana H. Carey and Todd James Horn, Venable, Baetjer & Howard, Baltimore, MD, for defendant.

*OPINION*

MESSITTE, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, for Summary Judgment. The Court will deny the Motion to Dismiss, but grant the Motion for Summary Judgment.

I.

Plaintiff Paul Fusco (Fusco) filed a state law breach of contract action in the Circuit Court for Anne Arundel County, seeking severance pay allegedly due from his former employer, GE Government Services, Inc. (GE). After removing the lawsuit to this Court, GE filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, arguing, among other things, that Fusco's state law cause of action was preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). Following oral argument, the Court granted GE's Motion to Dismiss, holding that Fusco's state law claim was indeed preempted by Section 301 and ERISA. Fusco was given leave to amend his Complaint to assert causes of action under ERISA and/or Section 301. In early December 1994, Fusco filed his Amended Complaint.

II.

As GE suggests in its renewed motion, the Amended Complaint is hardly a model of pleading, failing as it does to identify facts or federal statutes which clearly set forth this Court's jurisdiction. Nonetheless, "the heart of this lawsuit," as GE itself argued in an earlier pleading to this Court, is still Fusco's claim for severance pay; in other words,

somewhere lurking in Fusco's pleading is a potential ERISA claim. *See Holland v. Burlington Indus., Inc.,* 772 F.2d 1140 (4th Cir. 1985), *aff'd,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986); *Gilbert v. Burlington Indus., Inc.,* 765 F.2d 320 (2nd Cir.1985), *aff'd,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986). The same is true with regard to Fusco's claim for severance pay based on the collective bargaining agreement between his employer and the International Brotherhood of Electrical Workers. Since the state law claim, insofar as the collective bargaining agreement is concerned, is preempted by Section 301 of the Labor Management Relations Act, presumably in time a cause of action could properly be stated under that statute. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988). The Court will assume for present purposes that Fusco has adequately stated claims under these statutes.

Cutting directly to the chase, however, Fusco's venture in this Court runs aground on the shoals of GE's motion for summary judgment.

### III.

Fusco began working for RCA Service Company as a electronic technician in May 1974. During his employment with that entity, he was covered by a collective bargaining agreement between RCA and the International Brotherhood of Electrical Workers. When, in June of 1986, RCA merged with GE, RCA employees, including Fusco, remained employed under RCA benefit plans and pay practices. In 1989, the RCA employees, including Fusco, became employees of General Electric for all pay and benefit purposes.

In January 1989, Fusco was laid off from GE and offered another job with a company subsidiary—Operation and Maintenance Services, Inc. (OMS). Fusco accepted employment with OMS and shortly thereafter began working there. Upon his hire by OMS, as of April 1989, Fusco was no longer represented by the electrical union or covered by its collective bargaining agreement; instead he became covered by OMS policies and procedures, including its severance policy. That policy provided in pertinent part that:

> "Employees will not receive severance when the employee has been employed by, or accepts employment within thirty days after layoff, or enters into an agreement for subsequent employment with a succeeding contractor under a follow-on contract in a position requiring the same, similar or greater responsibility or skill."

On October 1, 1992, OMS (or more precisely GE, its parent) lost the government contract on which Fusco was working to an entity known as Management Technology (Mantech). Fusco was thereupon terminated from OMS. Within thirty days Fusco was offered and accepted similar employment with Mantech, the successor contractor. He claims, nevertheless, that he is entitled to severance pay from OMS.

GE's position is that, because Fusco accepted similar employment with Mantech within thirty days of his termination by OMS, he is not entitled to severance pay under the OMS severance policy. While Fusco admits that the OMS policy applies to him, he contends that the only reason he took the job with Mantech was because certain unnamed officials of OMS (or GE) told him they would waive the thirty day provision and that, if he did not take the Mantech job, he would lose his entitlement to the severance. Fusco argues that there is a genuine dispute of fact as to what was said to him by Defendant's employees and whether or not those words caused him to take the job with Mantech and for that reason summary judgment is inappropriate.

### IV.

■ Summary Judgment cannot be granted where a dispute exists as to "material" facts. Fed.R.Civ.P. 56(c). However, material facts are those which, under applicable substantive law, may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

928

## V.

 Fusco's alleged disputed facts are plainly immaterial. As a matter of substantive law, the terms of a written employee benefit plan may not be modified or superseded by oral undertakings on the part of the employer. *See Musto v. American General Corp.,* 861 F.2d 897, 910 (6th Cir.1988); *cert. denied* 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989); *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986). Thus, even if the alleged oral representations were made, Fusco could not as a matter of law rely upon them.

The Court will grant Defendant's Motion for Summary Judgment.[1]

---

1. As a matter of perspective, the Court takes note of language from a recent opinion of the U.S. Court of Appeals for the Fourth Circuit, *Hickey v. Digital Equipment Corp.,* 43 F.3d 941, 948 (4th Cir.1995):

Those (plaintiffs) who remain employed with (the successor employer) wish to have Digital's severance benefits paid on top of their salaries ... Courts have not looked favorably at such windfall recoveries.