**TRUSTEES OF the NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, et al., Plaintiffs,**

v.

**Michael E. OLSON, Defendant.**

**Civil No. PJM 94–969.**

United States District Court,
D. Maryland,
Southern Division.

Feb. 8, 1996.

Joyce A. Mader, Sharon McNeilly Goodman, Washington, DC, for plaintiffs.

Michael E. Olson, Ketchikan, AL, for defendant.

*OPINION*

MESSITTE, District Judge.

### I.

The Trustees of the National Automatic Sprinkler Industry Welfare Fund have sued Michael Olson to recover $127,078.58, the value of medical benefits that Olson, a beneficiary of the Fund, obtained on behalf of his former live-in companion, Diane Snyder (also known as Diane Olson).[1] The Trustees allege that Olson obtained these benefits by misrepresenting his marital status on his benefit enrollment application. They move for summary judgment, which Olson, acting *pro se,* opposes. Having considered the arguments of the parties, the Court will GRANT Plaintiffs' motion.

### II.

Summary judgment is appropriate if there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When a moving party supports its motion under Rule 56 with affidavits and

---

**1.** They also seek to recover the costs of collection and reasonable attorneys fees, as provided by the Plan.

other appropriate materials pursuant to the rule, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleading, but ... the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). While all justifiable inferences must be drawn in favor of the non-moving party, a party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another. *Beale v. Hardy*, 769 F.2d 213 (4th Cir.1985).

### III.

The undisputed facts are these:

The Fund is a welfare benefit plan established by an Agreement and Declaration of Trust, as defined by Sections 3(1) and 3(37) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1) and (37). Its benefits include payment of medical expenses incurred due to accident or illness on behalf of eligible employees and their eligible dependents. Section 2.12 of the Plan defines a "dependent" as an employee's lawful spouse or unmarried child. The Plan also provides for the repayment of all amounts paid by the Fund due to a participant's false or fraudulent information, together with all collection costs, including attorneys' fees.

Michael Olson was an eligible employee as defined by the Plan. In 1982, he executed an enrollment card for participation in the Plan in which he represented that his live-in companion, Diane Snyder, also known as Diane Olson, was his lawful spouse. Although Olson knew that he and Snyder were not legally married,[2] he contends that he relied upon a representation of Theryn Gwynn, the now-deceased former business agent of his local union, that the Plan would provide coverage for a live-in companion. Gwynn was not at any time a trustee, officer, fiduciary, employee, representative, or agent of the Fund or Plan.

From 1982 through 1993, the Fund paid medical claims on behalf of Snyder in the total amount of $127,078.58. In 1987, however, the Fund modified Plan documents to require an eligible employee to submit a marriage certificate as a pre-requisite to obtaining coverage for a dependent spouse. Conversely, the Plan required the submission of a divorce decree in order to remove a spouse from coverage. The fact of Olson's non-marriage became evident when he attempted to remove Snyder from coverage in 1993, *i.e.* Olson had no divorce decree to submit to the Plan.

Given Snyder's *ab initio* ineligibility, the Fund demanded that Olson make restitution. When its demand was refused, this suit followed.

### IV.

Section 1132(a)(3) of ERISA provides that: [a]ny civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate relief (i) to redress such violations or

(ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

Legislative history suggests that federal courts are empowered to develop federal common law to grant appropriate equitable relief, including restitution. 120 Cong.Rec. 29942 (1974) (statement of Senator Javits). *See also Health Cost Controls v. Skinner*, 44 F.3d 535 (7th Cir.1995). Accordingly courts have held restitution an appropriate equitable remedy in ERISA actions where one party is unjustly enriched at another's expense. *Harris Trust & Savings Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608 (7th Cir.1995), *Health Cost Controls v. Skinner*, 44 F.3d at 537. The Trustees of the Fund state a claim under 29 U.S.C. 1132(a)(3) because (1) they are fiduciaries, (2) the Plan provides for repayment of benefits

---

**2.** Olson and Snyder were domiciled in Alaska, which does not recognize common-law marriage. *See Edwards v. Franke*, 364 P.2d 60, 63–64 (Alaska 1961). Olson therefore does not contend, nor could he, that he and Ms. Snyder were common-law spouses.

obtained through false or fraudulent information, and (3) the action was initiated to enforce that provision.[3]

■ There is no question that Olson falsely represented that Snyder was his lawful spouse, nor that Snyder received benefits based on Olson's misrepresentation. Similarly, Olson does not dispute that he received a benefit by reason of the monies the Fund advanced to Snyder.

Olson's primary defense—that he misstated Snyder's status based on instructions of the former business agent of his local union—is patently unpersuasive. The thrust of this argument is that Gwynn had actual or apparent authority to bind the Fund and that the Fund is estopped from recovering any monies advanced for Snyder's medical care. It is undisputed, however, that Gwynn was never a trustee, officer, fiduciary, employee, representative, or agent of the Fund. By any construction, therefore, he lacked actual authority to bind the Fund. His statements were merely the opinions of an unrelated third party. Cf. *Fusco v. GE Government Services, Inc.*, 897 F.Supp. 926 (D.Md.1995).

■ Olson's apparent authority argument is equally unavailing. In the first place, Olson cites no specific acts taken by the Fund that would suggest that Gwynn was authorized to speak on the Fund's behalf. *Crothers v. Commodity Futures Trading Commission*, 33 F.3d 405, 410 (4th Cir.1994). More fundamentally, written plan terms are not ordinarily modifiable by oral representations. *Fusco v. GE Government Services, Inc.*, supra.

Finally Olson argues that had he been informed of the Fund's 1987 amendment requiring participants to submit a marriage certificate when enrolling an eligible spouse, he would have married Snyder. This is purely a fanciful proposition: Olson, it appears, never found any other reason to contract marriage with Snyder, either before or after 1987. It is also an absurd proposition, since it implicitly concedes that Snyder would have continued on, unmarried and ineligible,

if only the Plan had not been amended. The 1987 amendment did not change the definition of eligible dependents; it merely adopted a device to monitor the fact of eligibility. Olson, to his misfortune, simply got snagged in the net.

The Trustees' Motion for Summary Judgment is GRANTED. Consistent with the provisions of the Plan, the Court will also award the Trustees $5,000 as attorneys fees, plus the costs of suit.

A separate Order will be entered implementing the Court's decision.

### FINAL ORDER OF JUDGMENT

Upon consideration of Plaintiffs' Motion for Summary Judgment and Defendant's Opposition thereto, for the reasons set forth in the accompanying Opinion, it is this 8th day of February, 1996

ORDERED that Plaintiffs' Motion for Summary Judgment is hereby GRANTED; and it is further

ORDERED that final judgment is hereby entered for Plaintiffs and against Defendant in the amount of $127,078.58, plus $5,000.00 in attorneys' fees, a total of $132,078.58, plus the costs of suit.

---

**3.** Although the Complaint seeks "damages," the cause of action is in effect one for restitution and is thus properly framed under 29 U.S.C.

1132(a)(3). *See Provident Life & Accident Insurance Company v. Waller*, 906 F.2d 985 (4th Cir. 1990).