Gregory DALEY, Sherry L. Bigalke, and Charles E. Jones, Jr., Plaintiffs,

v.

PROVENA HOSPITALS, an Illinois corporation, Provena Health, an Illinois corporation, and John Does 1–10, Defendants.

No. 99 C 0187.

United States District Court, N.D. Illinois, Eastern Division.

March 9, 2000.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Christopher R. Zink, Edelman, Combs & Latturner, Chicago, IL, for plaintiffs.

Lazar P. Raynal, Geoffrey A. Vance, McDermott, Will & Emery, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are defendants Provena Hospitals and Provena Health's motions to dismiss the plaintiffs' consolidated complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the court denies defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### I. BACKGROUND

The consolidated complaint alleges the following facts which, for the purpose of ruling on this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Plaintiffs are residents of Illinois. Defendant Provena Hospitals is an Illinois cor-

poration operating hospitals and other health care facilities, including Provena St. Therese Medical Center and Provena St. Joseph Medical Center, in Illinois. Furthermore, Provena Hospitals is a wholly-owned subsidiary of defendant Provena Health.

This case was originally two separate cases pending before Judge Williams and Judge Bucklo. On January 13, 1999, plaintiff Gregory Daley ("Daley") filed his original complaint against defendants, Provena Hospitals and John Does 1–10, alleging violations of §§ 1692e and 1692g of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692(o). This case was originally assigned to Judge Williams. On April 7, 1999, Daley filed a first amended complaint. Then, on April 28, 1999, Daley filed a second amended complaint adding Provena Health as an additional defendant and alleging an additional violation of § 1692j of the FDCPA.

At this same time, plaintiffs Sherry L. Bigalke ("Bigalke") and Charles E. Jones, Jr. ("Jones") had their case pending before Judge Bucklo. In this case, Bigalke and Jones sued Provena Hospitals, Provena Health and John Does 1–10 for violations of the FDCPA. On May 27, 1999, Bigalke and Jones filed a motion with Judge Williams to reassign their case based on relatedness. On June 6, 1999, Judge Williams granted that motion to reassign. Accordingly, plaintiffs Daley, Bigalke, and Jones filed their consolidated complaint before Judge Williams on June 4, 1999 and Judge Bucklo dismissed, without prejudice, Bigalke and Jones' case on June 7, 1999.[1] In plaintiffs' consolidated complaint, they allege that defendant Provena Hospitals violated §§ 1692e, 1692g and 1692j of the FDCPA and that defendant Provena Health violated § 1692j of the FDCPA. Section 1692e makes "debt collectors" liable for using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692g makes

"debt collectors" liable for failing to validate a consumers' debt. Id. § 1692g. Section 1692j makes a person liable for designing, compiling, and furnishing "any form knowing that such form would be used to create the false belief that a person other than the creditor ... is participating in the collection ... of a debt [owed]." Id. § 1692j. These alleged violations arise out of the collection practices of Provena Hospitals and Provena Health.

Each of the named plaintiffs received a collection letter purportedly from Sacor Systems Collection Agency for unpaid debts owed to one of the Provena Hospitals. A letter was sent to Daley on June 8, 1998; to Bigalke on October 8, 1998; and to Jones on April 23, 1998. Although each letter was sent by a company entitled Sacor Systems Collection Agency, plaintiffs' consolidated complaint alleges that, at the time each of the named plaintiffs received their letters, Sacor Systems Collection Agency did not exist.

On December 4, 1998, the State of Illinois authorized Provena Health to do business in Illinois as Sacor Systems Collection Agency. Soon thereafter, Provena Health filed an application for registration as a collection agency with the Department of Professional Regulation. On February 8, 1999, Provena Health, doing business as Sacor Systems Collection Agency, was licensed as a collection agency. Thus, according to plaintiffs, prior to February 8, 1999, Provena Health could not engage in the business of debt collecting.

Previous to Sacor Systems Collection Agency's existence, a corporation named Sacor Systems, Incorporated existed, but it merged with Franciscan Sisters Health Care Corporation ("Franciscan Sisters") on August 31, 1993. Thereafter, Sacor Systems, Incorporated became the management information unit for the Franciscan Sisters. On November 30, 1997, Franciscan Sisters and Provena Hospitals merged. Thus, Sacor Systems, Incorpo-

---

1. On December 15, 1999, this case was reassigned to this court following Judge Williams' appointment to the United States Court of Appeals for the Seventh Circuit.

rated eventually merged into Provena Hospitals. According to the plaintiffs, Provena Hospitals, therefore, knew that no entity entitled "Sacor Systems Collection Agency" existed as of November 30, 1997. Plaintiffs allege that, despite this knowledge, Provena Hospitals sent out collection letters under the name of Sacor Systems Collection Agency.

The June 8, 1998 letter which Daley received states in pertinent part:

> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> YOUR CREDITOR HAS TURNED THIS ACCOUNT OVER TO OUR COLLECTION AGENCY. THE BALANCE [$23.70] SHOWN ABOVE IS DUE AND PAYABLE. THIS IS A DEMAND FOR PAYMENT IN FULL.
>
> **CREDIT BUREAU WILL BE NOTIFIED IN 30 DAYS.**
>
> YOU MAY CONTACT U.S. OR PAY IN PERSON. . . .

(Pl.'s Consolidated Compl. Ex. A.) The October 8, 1998 letter which Bigalke received states in pertinent part:

> **SACOR SYSTEMS COLLECTION AGENCY, A DULY AUTHORIZED AGENT FOR PROVENA—ST. THERESE MEDICAL CTR WOULD LIKE TO OFFER YOU A \*ONE-TIME\* \*20% DISCOUNT\* ON ALL UN–PAID BALANCES CURRENTLY AT SACOR SYSTEMS COLLECTION AGENCY. THIS DISCOUNT WOULD REPRESENT A SAVINGS TO YOU OF $ 38.33.**
>
> **IF YOU WOULD LIKE TO TAKE ADVANTAGE OF THIS SPECIAL SETTLEMENT OFFER, WE WOULD NEED YOUR PAYMENT OF $153.34 BY 11–08–98.**
>
> **IF YOUR ACCOUNT HAS BEEN REPORTED TO THE CREDIT BUREAU, SACOR SYSTEMS WILL NOTIFY THAT YOUR DEBT ($191.68) SHOWN ABOVE HAS BEEN SATISFIED WITH OUR CLIENT.**

(*Id.* Ex. B.) The April 23, 1998 letter which Jones received states in pertinent part:

> **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
>
> **YOUR PAYMENT OF $ 81.09 IS DUE ON.**
>
> OUR RECORDS INDICATE THAT YOU STILL HAVE NOT PAID THIS ACCOUNT! YOU MUST RESPOND TO ONE OF THE FOLLOWING:
>
> —THIS ACCOUNT WAS PAID ON _____. ENCLOSED IS A COPY OF MY RECEIPT OR BOTH SIDES OF MY CANCELLED CHECK.
>
> —I WILL PAY THIS ON _____.
>
> —ENCLOSED IS THE BALANCE IN FULL.

(*Id.* Ex. C.) On the reverse of each of these letters, the following is printed:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF[,] THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE[,] THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(*Id.* Exs. A–C.)

Defendants Provena Hospitals and Provena Health both filed motions to dis-

miss plaintiffs' consolidated complaint on June 30, 1999. In their joint memorandum, defendants argue that the court should dismiss plaintiffs' consolidated complaint because (1) the court lacks subject matter jurisdiction and (2) neither defendant has violated the FDCPA.

## II. *DISCUSSION*

### A. *Proper Standard*

The defendants move to dismiss plaintiffs' consolidated complaint pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). According to the defendants, the court should dismiss plaintiffs' consolidated complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") because the defendants are not "debt collectors" under the FDCPA; thus, the court does not have subject matter jurisdiction. Furthermore, the defendants allege that the court should dismiss plaintiffs' consolidated complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") because the plaintiffs have failed to sufficiently allege that defendants have violated the FDCPA.

█ Rule 12(b)(1) permits the court to dismiss a case for lack of subject matter jurisdiction, FED.R.CIV.P. 12(b)(1), because, unlike state courts, federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). However, courts have uniformly held that, when a question arises on the applicability of a federal statute, " 'the preferable practice is to assume jurisdiction exists and proceed to determining the merits of the claim pursuant to [Rule 12(b)(6) ].' " *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir.1995) (quoting 2A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07[2.–1] (2d ed.1994)). "Thus, if a plaintiff fails to properly allege a claim for relief brought

under a federal statute, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6), rather than Rule 12(b)(1)." *Id.* Because the defendants in this case are questioning the applicability of the FDCPA, the court will review defendants' motions to dismiss pursuant to Rule 12(b)(6).[2]

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

█ Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claim asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985).

### B. *Whether Provena Hospitals is a "Debt Collector" within the Meaning of the FDCPA*

The defendants allege that the court should dismiss the allegations relating to §§ 1692e and 1692g of the plaintiffs' con-

2. Defendants request that this court, in the alternative, construe their Rule 12(b)(6) motions as motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). While the court has the authority to convert a Rule 12(b)(6) motion into a Rule 56 motion, the court refuses to do so because the plaintiffs have not produced any rebuttal affidavits or evidence.

solidated complaint because Provena Hospitals[3] is not a "debt collector" under the FDCPA and, thus, is not subject to the requirements and restrictions of the FDCPA. Congress enacted the FDCPA in order to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes any creditor, who in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

*Id.* § 1692a(6).

█ To determine whether Provena Hospitals is a "debt collector," the court must examine the business relationship between Provena Hospitals and Sacor Systems Collection Agency. The defendants argue that Sacor Systems Collection Agency, although a division of Provena Health, is a separate entity from Provena Hospitals and that Provena Hospitals did not participate in any way in the collection of its debts. Defendants support this contention with the affidavit of the Chief Information Officer of Provena Health. However, because this is a motion to dismiss, the court will not rely upon the affidavit attached to defendants' joint memorandum. *See Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir.1998) ("Affidavits are not properly considered in deciding upon a motion under Rule 12(b)(6).").[4] Plaintiffs, on the other hand, assert that Provena Hospitals is a "debt collector" as defined by the FDCPA because, in the process of collecting its own debts, it used the name Sacor Systems Collection Agency. *See* 15 U.S.C. § 1692(a)(6). Furthermore, plaintiffs allege that Sacor Systems Collection Agency did not exist as a separate entity from Provena Hospitals and Provena Hospitals' use of that name indicated to the plaintiffs that another company other than Provena Hospitals was collecting or attempting to collect debts owed to Provena Hospitals. (Pls. Consolidated Compl. ¶¶ 18 & 32.) In other words, plaintiffs allege that Sacor Systems Collection Agency was not an independent entity collecting debts for Provena Hospitals but instead was a just a name used by Provena Hospitals in order to collect its debts. (*See* Pls. Consolidated Compl. ¶ 32.) The court must take all of plaintiffs' factual allegations in their consolidated complaint as true. Thus, plaintiffs' consolidated complaint sufficiently alleges that Provena Hospitals is a "debt collector" under the meaning of the FDCPA. Accordingly, the court denies defendants' motions to dismiss the plaintiffs' allegations regarding Provena Hospitals' violations of §§ 1692e and 1692g of the FDCPA in their consolidated complaint.

## C. *Whether Provena Hospitals or Provena Health violated § 1692j of the FDCPA*

The defendants argue that the court should dismiss the allegations relating to violations of § 1692j of the FDCPA from

---

3. Defendants also argue that Provena Health is not a "debt collector" under the FDCPA. However, plaintiffs do not allege that Provena Health should be liable for violations of §§ 1692e and 1692g of the FDCPA as a "debt collector." Thus, the court will not address whether Provena Health is a "debt collector" under these two sections.

4. This affidavit would be more appropriate to support a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. However, defendants chose not to file a Rule 56 motion.

plaintiffs' consolidated complaint. Section 1692j states:

It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C § 1692j(a).

[5] With respect to defendant Provena Hospitals, defendants argue that Sacor Systems Collection Agency is a separate entity and that Provena Hospitals did not take part in the collection of its own debts. Thus, Provena Hospitals did not design, compile or furnish to either Provena Health or Sacor Systems Collection Agency the collection letters at issue in this case. To support their argument, defendants once again rely on the affidavit of the Chief Information Officer of Provena Health. Again, because this is a Rule 12(b)(6) motion, the court will not consider this affidavit. *See Fredrick*, 144 F.3d at 504. Plaintiffs, on the other hand, allege in their complaint that Provena Hospitals designed, compiled and furnished the collection letter to Provena Health intending that the plaintiffs believe another entity was participating in the collection of the owed debts. (Pls. Consolidated Compl. at ¶¶ 18, 32–33 & 39.) Based upon the facts in the plaintiffs' consolidated complaint, the court finds that the plaintiffs have sufficiently stated a claim against Provena Hospitals for violating § 1692j. Accordingly, the court denies defendants' motions to dismiss plaintiffs' allegations of a violation of § 1692j of the FDCPA by Provena Hospitals.

[6] With respect to defendant Provena Health, defendants argue that (1) the corporate affiliate exception shields Provena Health from liability under the FDCPA and (2) in the alternative, Provena Health did not violate § 1692j of the FDCPA. The court will first address the defendants argument based on the corporate affiliate

exception. The FDCPA excludes from its *definition of a debt collector:*

any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

15 U.S.C. § 1692a(6)(B). Plaintiffs, however, argue that this exception should not apply because plaintiffs are proceeding under § 1692j which does not require the person to be a "debt collector." While § 1692j(a) does not require a person to be a "debt collector" as defined by the FDCPA, § 1692j(b) states: "[A]ny person who violates this section shall be liable to the same extent and in the same manner as a debt collector." *Id.* § 1692j(b). Thus, a proper reading of this subsection requires an examination of the definition of "debt collector" found in § 1692a(6). Based upon a reading of § 1692j(b) in conjunction with § 1692a(6), the court finds that the corporate affiliate exception could apply to Provena Health.

[7] In order for the corporate affiliate exclusion to apply, the following two conditions must be satisfied: "(1) the affiliate collects debts only for entities with which it is affiliated or related; and (2) the principal business of the affiliate is not debt collection." *Aubert v. American Gen. Fin.*, 137 F.3d 976, 978 (7th Cir.1998). Thus, to determine whether Provena Health satisfies these two conditions, the court must examine Provena Health's business relationship with Sacor Systems Collection Agency. Unfortunately, the defendants do not address this relationship in either their joint memorandum or joint reply; they address only the relationship between Provena Health and Provena Hospitals. However, the relationship between Provena Health and Provena Hospitals is irrelevant because plaintiffs' claim for a violation of § 1692j against Provena

Health is based on Provena Health's relationship with Sacor Systems Collection Agency—not Provena Hospitals. Thus, Provena Health has not established that it meets the two conditions for the corporate affiliate exclusion. Accordingly, the court will not shield it from liability by applying the corporate affiliate exclusion.

Because the defendants have not established that the corporate affiliate exclusion applies, the court will address the defendants' alternative argument that Provena Health has not violated § 1692j of the FDCPA. The question of whether Provena Health has in fact violated § 1692j of the FDCPA is inappropriate for a motion to dismiss.[5] To survive a motion to dismiss, plaintiffs must merely state a claim upon which relief may be granted. In plaintiffs' consolidated complaint, they state: "Provena Health designed, compiled, and furnished the [collection letter] ... knowing that it was not authorized to do business as Sacor Systems Collection Agency and that it was not a licensed collection agency and so could not directly or indirectly attempt to collect any of the debts allegedly owed to Provena Hospitals." (Pls. Consolidated Compl. at ¶ 42.) Further, throughout the consolidated complaint, plaintiffs allege additional facts which tend to support this claim. (*Id.* at ¶¶ 14–21.) Thus, plaintiffs have sufficiently alleged this cause of action. Accordingly, the court denies defendants' motions to dismiss the allegations relating to a violation of § 1692j of the FDCPA by Provena Health.

### CONCLUSION

For the foregoing reasons, the court denies defendants Provena Hospitals and Provena Health's motions to dismiss plaintiffs Gregory Daley, Sherry L. Bigalke and Charles E. Jones, Jr.'s consolidated com-

plaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

5. Again, this type of argument is more appropriate in a motion for summary judgment

pursuant to Federal Rule of Civil Procedure 56.