Gregory **DALEY**, Sherry L. Bigalke, and Charles E. Jones, Jr., Plaintiffs,

v.

**PROVENA HOSPITALS**, an Illinois Corporation, Provena Health, an Illinois Corporation, and John Does 1–10, Defendants.

No. 99C0187.

United States District Court, N.D. Illinois, Eastern Division.

May 25, 2000.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Christopher R. Zink, Edelman, Combs & Latturner, Chicago, IL, for Plaintiff/Petitioner.

Lazar P. Raynal, Geoffrey A. Vance, McDermott, Will & Emery, Chicago, IL, for Defendant/Respondent.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is plaintiffs Gregory Daley, Sherry L. Bigalke and Charles E. Jones, Jr.'s motion for class certification pursuant to Federal Rule of Civil Procedure 23. For the following reasons, the court grants plaintiffs' motion for class certification.

### *I. BACKGROUND*

For the sake of brevity, the court will not restate the facts. The facts may be found in *Daley v. Provena Hospitals,* 88 F.Supp.2d 881 (N.D.Ill.2000).

In this motion, plaintiffs seek certification of three classes. Class A consists of "(i) all natural persons (ii) who were sent a collection demand in the form represented by [plaintiffs'] Appendix A, (iii) on or after January 13, 1998 and before February 8, 1999, (iv) which was not returned by the Postal Ser-

vice." (Pls.' Mot. at ¶ 3.) Class B consists of "(i) all natural persons (ii) who were sent a collection demand in the form represented by [plaintiffs'] Appendix B, (iii) on or after April 23, 1998 and before February 8, 1999, (iv) which was not returned by the Postal Service." (*Id.* at ¶ 4.) Class C consists of "(i) all natural persons (ii) who were sent a collection demand in the form represented by [plaintiffs'] Appendix C, (iii) on or after April 23, 1998 and before February 8, 1999, (iv) which was not returned by the Postal Service." (*Id.* at ¶ 5.)

## II. *DISCUSSION*

Federal Rule of Civil Procedure 23 ("Rule 23") governs class actions. Rule 23 sets forth a two-step analysis to determine whether class certification is appropriate. FED. R. CIV. P. 23. First, the plaintiffs must establish that each of the four elements of Rule 23(a) are satisfied. *Id.; see General Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Then, the plaintiffs must establish that one of the conditions of Rule 23(b) is satisfied. FED. R. CIV. P. 23.

### A. *Rule 23(a)*

Rule 23(a) provides that a plaintiff may bring a claim on behalf of a class only if (1) the class is so numerous that joinder of all members is impracticable; (2) the claim involves questions of law or fact that are common to the class; (3) the claims or defenses of the plaintiff are typical of the claims or defenses of the class; and (4) the plaintiff fairly and adequately will protect the interests of the class. *Id.* 23(a). These prerequisites are commonly referred to, respectively, as numerosity, commonality, typicality, and adequacy of representation.

### 1. *Numerosity*

■ Plaintiffs do not allege a specific number of class members but argue that it would be impracticable for the court to join all parties because defendants sent form letters to collect debts owed to a large hospital group. The defendants do not dispute that the plaintiffs satisfy the numerosity requirement. The court agrees with both parties and finds that the plaintiffs' class is so nu-

merous that joinder of all members is impracticable.

### 2. *Commonality*

■ Plaintiffs allege that their claims involve common questions of law and fact that clearly predominate over individual concerns because the plaintiffs' claims all hinge upon whether defendants' form letters violate 15 U.S.C. §§ 1692e and 1692g. The defendants do not dispute that the plaintiffs satisfy the commonality requirement. The court agrees with both parties and finds that plaintiffs' claims involve questions of law or fact that are common to the class because all of the claims are based upon identical form letters and whether these letters violate 15 U.S.C. §§ 1692e and 1692g. *See Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir.1998) ("Common nuclei of fact are typically manifest where . . . the defendants have engaged in a standardized conduct towards members of the proposed class by mailing them allegedly illegal form letters."); *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992) ("A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2).").

### 3. *Typicality*

■ Plaintiffs allege that their claims are typical of the class because, by definition of the class, each of the class members has received a form collection letter identical to the form collection letter which the named plaintiffs received. The defendants do not dispute that plaintiffs satisfy the typicality requirement. The court agrees with both parties and finds that the named plaintiffs' claims are typical of the class because the claims arise from identical form collection letters. *See Rosario,* 963 F.2d at 1018. ("[A] 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory.'" (quoting *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983))).

### 4. *Adequacy of Representation*

■ Plaintiffs allege that they would provide fair and adequate protection for the interests of the class because (1) they understand the obligations of a class representative; (2) they have retained experienced counsel; and (3) there is no potential for a conflict of interest. The defendants do not dispute that the plaintiffs satisfy the fair and adequate representation requirement. The court agrees with both parties and finds that the plaintiffs will fairly and adequately protect the interests of the class because (1) plaintiffs have submitted to the court an affidavit by their counsel setting forth their counsels' experiences and (2) the court finds no conflicts of interests between the named plaintiffs and the other potential class members. *See Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir.1986) ("Whether the named plaintiffs properly represent the class' interest depends upon a number of factors including: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the absentee members.").

## B. *Rule 23(b)*

■ Plaintiffs allege that they satisfy the condition set forth in Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if: "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).

### 1. *Predominance*

In this case, plaintiffs allege that, because their claims are based upon whether defendants' form letters violate 15 U.S.C. §§ 1692e and 1692g, common questions of law and fact clearly predominate over individual concerns. The defendants do not dispute that common questions of law or fact predominate over any individual concerns. In this case, all of the claims are based upon identical form letters and whether these letters violate 15 U.S.C. §§ 1692e and 1692g. Thus, the court agrees with both parties and finds that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Id.*

### 2. *Superiority*

■ Plaintiffs allege that a class action with three subclasses is the superior method for resolving the current controversy because it will provide an efficient and appropriate resolution. Defendants agree that a class action would be a superior method for resolving the current controversy. Defendants, however, dispute the certification of three separate subclasses. Defendants request this court to certify only one class because the plaintiffs allege "a standardized conduct." [1] (Defs.' Resp. at 3.) However, the defendants sent three separate form letters to alleged debtors. Accordingly, the plaintiffs request this court to certify three separate subclasses. Plaintiffs basis for the certification of subclasses is standing. "To have standing to sue as a class representative it is essential that a plaintiff must be part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Furthermore, Rule 23(c)(4)(B) specifically provides for multiple classes in a single case, FED. R. CIV. P. 23(c)(4)(B), and the Seventh Circuit has recognized that there are cases in which multi-

---

1. Defendants reliance upon *Borcherding–Dittloff v. Transworld Sys., Inc.*, 185 F.R.D. 558 (W.D.Wis.1999), and *Augelli v. Goggins & Lavintman, P.A.*, No. 96 C 6929, 1998 WL 842348 (N.D.Ill. Nov.30, 1998), for their proposition that only one class should be certified is unconvincing because in neither of those cases did the plaintiffs request the certification of multiple classes. Furthermore, the court is perplexed by the defen- dants citation of *Keele* for the proposition that only one class should be certified. In *Keele*, the plaintiff represented two separate classes based upon two separate letters which plaintiff received. *Keele*, 149 F.3d at 592–93. Furthermore, the Seventh Circuit, in *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748 (7th Cir. 2000), cited *Keele* in support of its certification of multiple classes. *Id.* at 760.

**530**

ple classes are required. *See Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir.2000) (citing *Keele v. Wexler*, 149 F.3d 589 (7th Cir.1998)). In this case, while each of the named plaintiffs possesses the same interest as the members of his or her subclass, each named plaintiff may not suffer the same injury as another debtor who received a different collection letter. Accordingly, the court finds that a class action with three separate subclasses is the superior method for resolving this controversy because a class action will provide an efficient and appropriate resolution.

### C. *Class Definition*

The defendants request this court to alter the plaintiffs' definition of the class by certifying only one class and by changing the relevant date to January 13, 1998. As previously discussed, the court will not alter plaintiffs' definition of the classes by certifying only one class. *See* Part II.B.2.

This court will also not change the relevant date for the collection form letters. In their complaint, plaintiffs allege that, on or after February 8, 1999, Sacor Systems Collection Agency ("Sacor") existed as an entity. (Pls. Consol. Compl. at ¶¶ 21, 25–26.) However, part of plaintiffs' claim is that, at the time these collection letters were sent, Sacor did not exist. (*Id.* at ¶¶ 13–29.) Thus, according to plaintiffs, they do not have standing to represent debtors who received collection letters at the time Sacor existed. The court agrees: the plaintiffs and debtors who received collection letters at the time Sacor existed may not have suffered the same injury. Thus, the court will not alter the plaintiffs' definitions of the three subclasses.

### CONCLUSION

For the reasons set forth in this opinion, the court grants plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23. Accordingly, the court certifies three separate subclasses as identified in plaintiffs' motion. (*See* Pls.' Mot. at 2.)